UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY BRYANT, JR.,

    Plaintiff,

v.

Case No. 18-12587

HON. GEORGE CARAM STEEH

JOSEPH D. SLAVEN, Judge,
DEANNA WARUNEK, Court Administrator,
BRIAN RISSMAN, Police Officer,
JEFFREY GRAVES, Police Officer,
23RD DISTRICT COURT/CITY OF TAYLOR, and
TAYLOR POLICE DEPARTMENT/CITY OF
TAYLOR,

    Defendants.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS (Doc. 7)

Defendants Joseph D. Slaven, Deanna Warunek, the Taylor Police Department, 23rd District Court, and the City of Taylor Police Department ("Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Michael Anthony Bryant, Jr., appearing pro se, has filed a response. Pursuant to L.R. 7.1, the court did not hear oral argument. For the reasons explained below, Defendants' motion is granted.

## BACKGROUND FACTS

Plaintiff presents himself as a sovereign Moor.[1] As the court understands Plaintiff's complaint, he alleges that Taylor police officers Jeffrey Graves and Brian Rissman illegally searched and seized his vehicle after a traffic stop.[2] *See* Doc. 1. Plaintiff was arrested ("kidnap[ped] . . . under duress") and "held for ransom." He subsequently appeared before Judge Slaven of 23rd District Court on a drug possession charge. Judge Slaven entered a not-guilty plea on Plaintiff's behalf. According to the complaint, Judge Slaven "chose to ignore all evidence, insist[ed] on entering evidence on my behalf, and assume[d] the role of a prosecutor." *Id.* Plaintiff alleges that Judge Slaven struck his court filings because they were not in compliance with the court rules. Plaintiff also contends that court administrator Deanna Warunek failed to mail him notice of a scheduled court date. Plaintiff alleges that both the judge and court administrator acted in "an attempt to prevent me from holding an executor office position for the estate of the Cestui Que Via Trust/MICHAEL ANTHONY BRYANT JR." *Id.* Plaintiff seeks the return of his vehicle and

---

[1] To the extent Plaintiff's claims are based upon his alleged status as a "sovereign citizen," they are frivolous. *See Lanzon v. County of Livingston*, No. 18-12641, 2018 WL 4829320 (E.D. Mich. Oct. 4, 2018).
[2] The police officer defendants have not joined in the motion to dismiss.

damages in the amount of $1,000,000.

## LAW AND ANALYSIS

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 570. *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Plaintiff's complaint fails to meet this standard and is subject to dismissal for several reasons. First, Plaintiff fails to state a claim against Judge Slaven because he is entitled to absolute immunity for actions taken in his capacity as a judge. *See Fields v. Lapeer Cty. Circuit Court*, 3 Fed. Appx. 377, 378 (6th Cir. 2001) (citing *Mireles v. Waco,* 502 U.S. 9, 9-12 (1991)); *Draine v. Leavy*, 504 Fed. Appx. 494, 495 (6th Cir. 2012). Plaintiff

3

has not alleged facts that would overcome this grant of immunity.

Second, court administrator Warunek is also entitled to absolute quasi-judicial immunity. Quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Draine*, 504 Fed. Appx. at 495 (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). *See also Yarbrough v. Garrett*, 579 F. Supp.2d 856, 860 (E.D. Mich. 2008) (finding clerk's alleged failure to provide transcripts to be a judicial act). Warunek's mailing of court notices is an action "integral or intertwined with the judicial process." Plaintiff does not allege otherwise. Based upon Plaintiff's allegations, Warunek is entitled to immunity.

Third, the City of Taylor Police Department must be dismissed because it is not an entity amenable to suit. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("[U]nder Michigan law, Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit.").

Fourth, Plaintiff's complaint contains no allegations of wrongdoing on the part of 23rd District Court. Plaintiff has not stated a plausible claim against that entity.

Fifth, Plaintiff's complaint fails to state a claim against the City of Taylor. A city may not be held liable for constitutional violations based upon a theory of *respondeat superior* – that is, because it employs someone who violates the plaintiff's constitutional rights. *Miller v. Calhoun Cty.*, 408 F.3d 803, 813 (6th Cir. 2005). "[A] municipality may be held liable under § 1983 only where its policy or custom causes the constitutional violation in question." *Id.* Plaintiff has not alleged facts that would raise an inference of municipal liability on the part of the City of Taylor.

## ORDER

Therefore, IT IS HEREBY ORDERED that Defendants' motion to dismiss (Doc. 7) is GRANTED and Joseph D. Slaven, Deanna Warunek, the 23rd District Court, the Taylor Police Department, and the City of Taylor are DISMISSED from this action.

Dated: February 13, 2019          s/George Caram Steeh
                                                 GEORGE CARAM STEEH
                                                 UNITED STATES DISTRICT JUDGE