UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY
BRYANT, JR., *a.k.a.*,
Mikhael Amirul El,

                                    Case No. 2:18-cv-12587
               Plaintiff,            District Judge George Caram Steeh
v.                                   Magistrate Judge Anthony P. Patti

JOSEPH D. SLAVEN,
DEANNA WARUNEK,
BRIAN RISSMAN,
JEFFREY GRAVES,
23RD DISTRICT COURT,
CITY OF TAYLOR, and
TAYLOR POLICE DEPARTMENT,

                   Defendants.
_____/

## ORDER GRANTING IN PART and DENYING IN PART DEFENDANTS' MOTION TO COMPEL (DE 25)

### A.      Introduction

On August 20, 2018, Plaintiff filed the instant lawsuit against seven (7)

Defendants, namely two police officers, a state district court judge, a court

administrator, the 23rd District Court, the Taylor Police Department, and the City

of Taylor.  (DE 1 at 2-3.)  The allegations underlying Plaintiff's complaint stem

from an October 21, 2017 traffic stop in the City of Taylor, Michigan.  (DE 1 at 6

¶¶ 1-4.)

On February 13, 2019, Judge Steeh entered an opinion and order granting Defendants' motion to dismiss and dismissing Defendants Joseph D. Slaven, Deanna Warunek, the 23rd District Court, the Taylor Police Department, and the City of Taylor from the lawsuit. (DE 23.) Thus, the only remaining Defendants are Officers Rissman and Graves.

### B. Discovery Requests

On February 27, 2019, Defendants Rissman and Graves served a first set of interrogatories to Plaintiff (Nos. 1-17) and a first set of requests for production of documents to Plaintiff (Nos. 1-11). (DE 25-2.) On the same date, Defendants served a notice of taking Plaintiff's deposition *duces tecum* on April 3, 2019. (DE 25-3.) These items appear to have been accompanied by a cover letter dated February 28, 2019, which provided a March 29, 2019 due date for answers to the interrogatories and responses to the requests to produce. (DE 25-5 at 4.)

According to Defendants, Plaintiff failed to respond to their discovery requests within 30 days as required. (DE 25 ¶ 2.) *See* Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A). Moreover, Plaintiff did not show at either his April 3, 2019 deposition or the mutually agreed upon April 24, 2019 deposition. (DE 25-4 at 5, DE 25-6, DE 25 ¶¶ 8-9.)

**C.  Instant Motion**

Currently before the Court is Defendants' April 25, 2019 motion for order compelling discovery, by which Defendants seek an order compelling answers to the interrogatories, responses to the requests to produce, Plaintiff's appearance at his deposition, and a warning that "failure to do so will result in his case being dismissed with prejudice." (DE 25 ¶ 10.) In addition, Defendants move for an award of Fed. R. Civ. P. 37 costs and expenses associated with the depositions and the instant motion practice, as well as a warning that failure to timely pay such discovery sanctions will entitle Defendants to "dismissal of Plaintiff's Complaint with prejudice and further costs and fees to be awarded at the Court's discretion." (DE 25 ¶ 11.)

Judge Steeh referred this motion to me, and a hearing was held on May 28, 2019, at which Plaintiff appeared *in pro per,* and attorney Mark W. Peyser appeared for the remaining defendants. (DEs 26, 28, 30.) The Court entertained oral argument on the motion, after which it issued its ruling from the bench.

**D.  Order**

For the reasons stated on the record, all of which are incorporated herein by reference, Defendants' April 25, 2019 motion for order compelling discovery (DE 25) is **GRANTED IN PART** as follows:

- No later than **Tuesday, June 11, 2019**, Plaintiff **SHALL** provide sworn answers to Interrogatory Nos. 1-17 in

compliance with Fed. R. Civ. P. 33 and responses to Requests to Produce Nos. 1-11 in compliance with Fed. R. Civ. P. 34. **The answers and responses shall be given without objections**, which are deemed waived. The Court has no reason to believe that these discovery requests were not received at Plaintiff's address on file, because there is no record that these items were returned to the sender as undeliverable and the law presumes successful delivery of items mailed through the United States Postal Service. Moreover, even if Plaintiff did not receive the requests at the time they were originally mailed, Plaintiff admitted that he received the instant motion, which was filed on April 25, 2019 and attached to which are the discovery requests at issue here. (*See* DE 25-2.) Thus, at a minimum, Plaintiff has had actual notice of the discovery requests at issue for the past month, and he has either waived his objections and/or failed to cure his failure to respond. In fact, because Plaintiff did not file a written response to the instant motion, the Court could have granted Defendants' motion as unopposed. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

- Plaintiff **SHALL** appear for his deposition at **10 a.m.** on **Monday, June 24, 2019** in defense counsel's office (**Howard & Howard Attorneys, PLLC, 450 W. Fourth Street, Royal Oak, MI 48067-2557**). Such testimony must be given under oath and in accordance with Fed. R. Civ. P. 30 ("Depositions by Oral Examination"). His time being questioned "under oath or affirmation" may not exceed "one day of 7 hours." Fed. R. Civ. P. 30(c)(1) & (d)(1).

- Within **two (2) business days** of the filing of this order, Defendants **SHALL** serve Plaintiff with the court reporter invoices for the two failed depositions, and, within **ten (10) days** of receipt of the invoices, Plaintiff **SHALL** reimburse defense counsel's law firm for such expenses.

In addition, Defendants' motion is **DENIED** to the extent it seeks an award of Rule 37 attorney's fees, because, at this juncture and for the reasons stated on the record, the Court finds that "other circumstances would make an award of [attorney's fees] unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii) & (d)(3). However, Plaintiff is warned that <u>failure to comply with any of the terms of this order may result in any of the sanctions permitted by Rule 37, including but not limited to dismissal of his lawsuit with prejudice and the payment of reasonable expenses, including attorney's fees</u>. *See*, *e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(v), Fed. R. Civ. P. 37(d)(3).

Also, the parties' attention is drawn to the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, the Undersigned's Practice Guidelines, and the Civility Principles (Administrative Order No. 08-AO-009), the latter three of which are available on the Court's website (www.mied.uscourts.gov). Finally, in the future, the parties must serve each other by email, at the addresses placed on the record (malc400040@gmail.com, mwp@h2law.com).

**IT IS SO ORDERED.**

Dated: May 30, 2019             s/*Anthony P. Patti*
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on May 30, 2019, electronically and/or by U.S. Mail.

s/Michael Williams_____
Case Manager for the
Honorable Anthony P. Patti