UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY BRYANT, JR.,

    Plaintiff,

v.

JOSEPH D. SLAVEN, Judge,
DEANNA WARUNEK, Court Administrator,
BRIAN RISSMAN, Police Officer,
JEFFREY GRAVES, Police Officer,
23rd DISTRICT COURT/CITY OF TAYLOR, and
TAYLOR POLICE DEPARTMENT, CITY OF TAYLOR,

    Defendants.
_____/

Case No. 18-12587

Hon. George Caram Steeh

OPINION AND ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 33, 35)

Defendants Brian Rissman and Jeffrey Graves seek summary judgment on the merits of Plaintiff's claims and as a discovery sanction. Defendants filed motions seeking this relief on September 18 and 20, 2019. Plaintiff has not filed timely responses. Pursuant to LR 7.1, the court will rule on the briefs and without oral argument.

-1-

## BACKGROUND FACTS

Plaintiff Michael Anthony Bryant[1] alleges that Taylor police officers Brian Rissman and Jeffrey Graves illegally searched and seized his vehicle after a traffic stop. The officers initiated a traffic stop after Bryant failed to come to a complete stop or use his turn signal when leaving an alley. Bryant acknowledged that he did not use his turn signal. ECF No. 36, Ex. B at 71. During the traffic stop, a police dog alerted to the presence of narcotics in the vehicle. Officers searched Bryant and found a baggie containing crack cocaine. Bryant was arrested and his car was towed and impounded.

Bryant was subsequently charged with and pleaded guilty to possession of a controlled substance. As a result of the guilty plea, his traffic citations were dismissed. Bryant's property ($694 in cash, $200 in bond money, and his 2017 Kia) was initially seized pursuant to drug forfeiture laws. Bryant admits that the $694 in cash and $200 in bond money were returned to him. *Id.* at 106-109, 122-23. Bryant did not file a claim for the return of his vehicle; it was returned to the lien holder.

---

[1] As noted in the court's February 13, 2019 order, Bryant presents himself as a sovereign Moor. To the extent his claims are based upon his alleged sovereign Moor status, they are frivolous. *See, e.g., Lanzon v. County of Livingston*, No. 18-12641, 2018 WL 4829320 (E.D. Mich. Oct. 4, 2018).

## LAW AND ANALYSIS

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Dist. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

Plaintiff's complaint alleges that he was "kidnap[ped] and held for ransom" and his "vehicle/vessel was stolen" as a result of the traffic stop. Plaintiff appears to challenge the search and seizure of his vehicle, and his arrest. Under the facts presented, which have not been disputed, Plaintiff has failed to establish a constitutional violation.

A traffic stop is a "seizure" and must be conducted in compliance with the Fourth Amendment. *See Heien v. North Carolina*, 574 U.S. 54, 60 (2014). To justify a traffic stop, "officers need only reasonable suspicion – that is, a particularized and objective basis for suspecting the particular person stopped of breaking the law." *Id.* (citations and internal quotation marks omitted). Here, officers had a sufficient basis for initiating a traffic

stop: Plaintiff failed to come to a complete stop and admitted that he did not use his turn signal, which are traffic violations. *See United States v. Lyons*, 687 F.3d 754, 762-63 (6th Cir. 2012) (civil infraction sufficient basis for traffic stop).

"Reasonable suspicion to perform a traffic stop may ripen into probable cause to search a vehicle based upon the officer's interactions with the vehicle's occupants." *Id.* at 769-70. An officer "may perform a warrantless search of a detained vehicle should the officer have probable cause to believe that the vehicle contains contraband or evidence of criminal activity." *Id.* at 770. An alert from a police dog to the presence of narcotics is sufficient to establish probable cause to conduct a search. *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005) (use of drug-sniffing dog outside vehicle during lawful traffic stop does not violate Fourth Amendment).

The police dog alerted to the presence of narcotics in Plaintiff's car; as a result, officers had probable cause to search Plaintiff and the vehicle. The officers found crack cocaine on Plaintiff's person, thus warranting his arrest and the seizure of his vehicle. Subsequently, Plaintiff pleaded guilty to drug possession. Plaintiff has not disputed these facts or established

any constitutional violations as a result of the seizure of his person or his property.

Therefore, summary judgment on the merits of Plaintiff's complaint is proper. See Fed. R. Civ. P. 56. An additional basis for the dismissal of Plaintiff's complaint is his failure to comply with Magistrate Judge Patti's discovery order. After Plaintiff did not respond to Defendants' discovery requests, Magistrate Judge Patti ordered Plaintiff to provide answers to interrogatories by June 11, 2019. Plaintiff was warned that a failure to comply with the terms of Magistrate Judge Patti's order "may result in sanctions permitted by Rule 37, including but not limited to dismissal of his lawsuit with prejudice." ECF No. 32 at 5. Plaintiff has failed to provide answers to interrogatories as ordered by Magistrate Judge Patti and has not provided any justification for this failure. Accordingly, dismissal of Plaintiff's complaint is appropriate.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' motions for summary judgment (ECF Nos. 33, 35) are GRANTED.

Dated: October 31, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 31, 2019, by electronic and/or ordinary mail and also on Michael Anthony Bryant, Jr., c/o 576 Lakewood Street, Detroit, MI 48215.

s/Barbara Radke
Deputy Clerk